UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA AND
THE STATE OF MICHIGAN
EX REL. ERIK OLSEN, M.D.,
SAJITH MATTHEWS, M.D.,
AND WILLIAM BERK, M.D.,

Plaintiff Relators,

v.

TENET HEALTHCARE
CORPORATION; AND DETROIT
MEDICAL CENTER,

Defendants.
_____/

Case No. 23-cv-10903

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [ECF No. 25]

**I.     Introduction**

Plaintiff Relators Erik Olsen, M.D., Sajith Matthews, M.D., and William Berk, M.D. (the "Relators") bring the instant action. The Amended Complaint purports to allege claims under the *qui tam* provisions of the Federal False Claims Act, 31 U.S.C. § 3729 (the "FCA"), and the Michigan Medicaid False Claims Act, M.C.L. § 400.610a(1) (the "MMFCA"). It names Tenet Healthcare Corporation ("Tenet") and Detroit Medical Center ("DMC") as Defendants. The original complaint was filed on April 19, 2023. The instant action is a companion to another

1

case that is currently pending before this Court: *Olsen et al v. Tenet Healthcare Corporation et al* (Case No. 22-cv-11590). The parties and underlying facts of both cases are identical. The United States and the State of Michigan both declined intervention and the complaints were unsealed in October 2023.

Before the Court is Defendants' Motion to Dismiss, filed on March 22, 2024. Plaintiff Relators responded on April 12, 2024, and Defendants replied on April 26, 2024. The motion is fully briefed. Upon review of the briefing and applicable authority, the Court concludes that oral argument will not aid in the resolution of this matter. Accordingly, the Court will resolve Defendants' motion on the briefs. See E.D. Mich. L.R. 7.1(f)(2).

For the reasons set forth below, Defendants' Motion is **GRANTED**. Plaintiff Relators' Amended Complaint is **DISMISSED**.

**II.	Factual and Procedural Background**

On July 13, 2022, Relator Erik Olsen filed a *qui tam* complaint under seal in this Court against Tenet. It alleges violations of the FCA and MMFCA. (2:22-CV-11590, ECF No.1, PageID.1-39). Olsen asserted that Tenet was fraudulently billing for services rendered while patients were boarded in the emergency room ("ER"). *Id*. After the United States and the State of Michigan declined intervention, the Court issued an Order on October 30, 2023, unsealing the *Olsen* Complaint. (2:22-CV-11590, ECF No. 16, PageID.86-88). Relator Olsen subsequently filed an amended

2

complaint on January 18, 2024, adding Relators Sajith Matthews and William Berk as plaintiffs, and DMC as a defendant. (2:22-CV-11590, ECF No. 19, Page ID.93-137). The allegations in the *Olsen* amended complaint are identical to the allegations in the Amended Complaint in the instant action, and the Olsen case remains open with the Realtor's Motion to Consolidate and Defendants' Motion to Dismiss pending. *Id*.

On July 13, 2022, more than nine months after Relator Olsen's complaint was filed, Relators Matthews and Berk filed the instant complaint under seal against Tenet and DMC alleging violations of the FCA and MMFCA. (ECF No. 1, PageID.1-31). Like Olsen's complaint, Relators Matthews' and Berk's complaint alleged that Defendants were fraudulently billing for services rendered as inpatient while patients were boarded in the ER. *Id*. Also, similar to the first-filed *Olsen* matter, the United States and the State of Michigan declined intervention, and the Court unsealed the complaint on October 30, 2023. (ECF No. 11, PageID.60-62). Relators Matthews and Berk then filed an Amended Complaint on January 18, 2024, adding the same Olsen Realtor as an additional Relator in the instant action – which, as noted, is identical to the amended complaint Olsen filed in his separate action. (ECF No. 15, PageID.71-115).

In their Amended Complaint, Relators maintain that they are "highly respected emergency room and internal medicine physicians with decades of

3

experience," who allege that they have practiced at Detroit Receiving Hospital. ECF No. 15, PageID.73. The Amended Complaint in this case asserts violations of the FCA and MMFCA based on allegations regarding Defendants' alleged conduct during the COVID-19 pandemic. Specifically, the Relators submit that "Defendant Tenet Healthcare Corporation . . . and a hospital system it controls, Defendant Detroit Medical Center, . . . fraudulently bill for inpatient care when patients are held in emergency room facilities . . ., a practice known as 'boarding.'" *Id*., PageID.72.

"Moreover," Relators say, "Defendants refuse to spend resources to provide care for the crowded ERs created by the boarded patients." *Id*., at PageID.73. Allegedly, "boarded patients in Defendants' ERs not only do not receive the billed-for inpatient care, frequently they do not even receive the observation level of care required in an ER setting." *Id*. "As a result," the Relators aver, "despite Tenet receiving significant tax payor resources to treat them, patients are dying." *Id*. Further, Relators allege that "[w]hile some boarding in ERs is normal and even perfectly acceptable if staff is available to provide the necessary care, Tenet is well aware that such staff is often nonexistent but is boarding for excessive ratios and billing for ICU care without this staff being available, day after day, for profit." *Id*., at PageID.73.

The crux of Relators' allegations center on the purported "deliberate choice made by Tenet and DMC," to "routinely bill Medicare, Medicaid and other

4

government healthcare programs for inpatient care that was not delivered or capable of being delivered at the DMC's acute care hospitals' emergency departments." *Id*., at PageID.90. In their Amended Complaint, the Relators maintain the Defendants "bill government healthcare programs for ER boarded patients as if they were in the appropriate inpatient department as soon as an admission order is signed", even in circumstances where "the patient is still physically present in the ER and is not receiving an inpatient level of care." *Id*., at PageID.90. According to the Relators, Defendants engage in this conduct because inpatient care is "reimbursed at a higher rate than ER/outpatient level of care." *Id*.

Defendants urge the Court to dismiss the Realtor's Amended Complaint under the FCA's First-to-File Rule. Additionally, Defendants maintain that the complaint fails to plead the FCA or MMFCA because "Tenet and DMC are not proper parties" and it fails to plead a false claim as required by Fed. R. Civ. P. 9(b) and 12(b)(6). ECF No. 25, PageID.156. The Court will discuss the applicable law and analysis below.

### III. The First to File Rule Bars the Instant Action.

Defendants assert that the instant action is barred by the "first-to-file" rule. Under that rule, the FCA provides that "[w]hen a person brings an action under this subsection, no person other than the Government may intervene or bring a related action based on the facts underlying the pending action." 31 U.S.C. § 3730(b)(5).

This section "'unambiguously establishes a first-to-file bar, preventing successive plaintiffs from bringing related actions based on the same underlying facts.'" *See Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 971 (6th Cir. 2005). The "first-to-file bar furthers the policy of the False Claims Act in that '[t]he first-filed claim provides the government notice of the essential facts of an alleged fraud, while the first-to-file bar stops repetitive claims.'" *Id*., at 971. To determine whether a later filed action is barred, the Court will compare the two Amended Complaints in *Olsen* and the instant action. If both complaints "allege 'all the essential facts' of the underlying fraud, the earlier filed. . .action bars [the later] action, even if [the later] complaint 'incorporates somewhat different details.'" *Id*., (*quoting United States ex rel. LaCorte v. SmithKline Beecham Clinical Labs., Inc*., 149 F.3d 227, 232-233(3d Cir.1998)*.

The Amended Complaint in the instant action and amended complaint in the *Olsen* action are identical, which establishes that the instant action is repetitive and therefore barred by the first-to-file rule. *See United States v. Allstate Ins. Co*., 620 F. Supp. 3d 674, 683 (E.D. Mich. 2022) ("the bar against nonparties 'bring[ing] a related action based on the facts underlying the pending action' applies to successive Relators in separate actions, rather than co-Relators in the same action." (*citing* § 3730(b)(5) and *Walburn v. Lockheed Martin Corp*., 431 F.3d 966, 971 (6th Cir. 2005)). Accordingly, the Court will dismiss the Relators' FCA claim.

6

Because the only federal claim in this action is being dismissed, the Court will also decline to exercise supplemental jurisdiction over the MMFCA claim. Generally, "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson Theatrical v. Fed. Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir.1996); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) ("Certainly, if the federal claims are dismissed before trial ... the state claims should be dismissed as well."); *Perry v. Se. Boll Weevil Eradication Found.*, 154 Fed.Appx. 467, 478 (6th Cir.2005) (noting that dismissal is the "clear rule of this circuit") (internal citations omitted). The Court will dismiss the MMFCA claim without prejudice and address the merits and substance of Defendants' Motion to Dismiss as filed in *Olsen*.

## IV. Conclusion

The Relators' FCA claim is DISMISSED. Relators' MMFCA is dismissed without prejudice.

**SO ORDERED.**

Dated: July 30, 2024 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

7

Copies of this Order were served upon attorneys of record on
July 30, 2024, by electronic and/or ordinary mail.
/s/ Marlena Williams
Deputy Clerk